**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DONALD RHODUS,

    Petitioner,

                               CASE NO. 07-14388
v.                               HONORABLE VICTORIA A. ROBERTS
                               UNITED STATES DISTRICT JUDGE

JAN TROMBLEY,

    Respondent.

_____/

**OPINION AND ORDER DENYING THE
PETITION FOR WRIT OF HABEAS CORPUS**

Donald Rhodus, ("Petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for delivery or manufacturing methamphetamine, M.C.L. 333.7401(2)(b)(i); operating or maintaining a methamphetamine laboratory, M.C.L. 333.7401c(2)(a); possession of methamphetamine, M.C.L. 333.7403(2)(b)(i); possession of less than 25 grams of cocaine, M.C.L. 333.7403(2)(a)(v); and second felony habitual offender, M.C.L. 769.10. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

**I.  Background**

Petitioner was convicted of the above offenses following a jury trial in the Monroe County Circuit Court on February 17, 2005.

Petitioner has provided a detailed statement of facts in his petition for writ of

1

habeas corpus by way of incorporation of his appellate brief filed with the Michigan Court of Appeals. Respondent has likewise provided the same detailed factual summary of the case through incorporation of this same brief, which as a result does not conflict with the Petitioner's statement of facts. The Court will therefore accept the factual allegations contained within the habeas petition insofar as they are consistent with the record, because the respondent has not disputed them. *See Dickens v. Jones*, 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002). Since the facts of this case have been repeated numerous times, they need not be repeated here in their entirety. Therefore, only a brief overview of the facts is required. Accordingly, the Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See Long v. Stovall,* 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006):

> Defendant's convictions arise from the discovery of a meth lab in the apartment in which he was living with his son, Mark Kelly Rhodus, who was also convicted of the same offenses(except possession of cocaine)
>
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
> The police found meth on the end table next to defendant and found meth and cocaine in several locations around the apartment's guestroom. Defendant had been staying in the guestroom for approximately six weeks at the time of his arrest and clearly knew that the drugs were present. Defendant's control over the room was evinced by the discovery of his belongings in that room. Megan McCartney, the girlfriend of Mark Rhodus, testified that it was defendant's idea to construct a meth lab and that defendant spent a lot of time in the guestroom, and that defendant provided meth for her to sell on one occasion. Moreover, defendant was using meth at the time of the police raid. Given this evidence, we find that there was sufficient evidence for a rational jury to conclude that the defendant

possessed both meth and cocaine, at least constructively and jointly with his son and McCartney.

The evidence was also sufficient to support defendant's convictions of manufacturing meth and operating or maintaining a meth lab. The meth lab and equipment were in an area that defendant temporarily possessed and over which he temporarily exerted control. In conjunction with McCartney's testimony that it was defendant's idea to construct a meth lab and regarding the amount of time defendant spent in that room, the prosecution presented sufficient evidence to support defendant's convictions.

*People v. Rhodus,* No. 262242, * 1-2 (Mich.Ct.App. October 12, 2006).

Petitioner's conviction was affirmed on direct appeal. *Id., lv. Den.* 477 Mich.1034; 727 N.W. 2d 608 (2007).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. The prosecution presented insufficient evidence to support Petitioner's convictions for operating a methamphetamine laboratory, possession of methamphetamine and possession of cocaine.

II. Petitioner's constitutional right to a unanimous verdict was violated because the prosecution failed to specify which of several distinct criminal acts Petitioner was charged with and because the trial court failed to instruct the jury that it was required to render a unanimous verdict as to the same criminal act.

III. Petitioner is entitled to be resentenced because the statutory sentencing guidelines were misscored as to Offense Varaiables 13 and 14 .

IV. The trial court abused its discretion by exceeding by the most severe sentence recommended under the sentencing guidelines for operation of a methamphetamine laboratory and possession of methamphetamine.

## II.  Standard of Review
28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

3

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11.

In reviewing a habeas corpus petition to determine whether the state court decision was based on an unreasonable determination of facts, a federal court applies a presumption of correctness to the factual findings made by the state court. *Warren v. Smith*, 161 F. 3d 358, 360 (6th Cir. 1998).  A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. Id. at 360-61.

4

### III.  Discussion

**A. Claim # 1.  Insufficient evidence to support a conviction for operating a methamphetamine laboratory, possession of methamphetamine and possession of cocaine.**

Petitioner's first claim alleges that there is nothing in the evidence to support the prosecution's contention that petitioner knowingly operated a methamphetamine laboratory, knowingly possessed methamphetamine, or knowingly possessed cocaine under a constructive possession theory.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(*citing to Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  The reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the finder of fact. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983).  Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the Jackson standard was reasonable. *Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002).  "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution,

and must defer to that resolution." *Gardner v. Kapture*, 261 F. Supp. 2d 793, 805 (E.D. Mich. 2003)(*quoting Walker v. Engle*, 703 F. 2d 959, 970 (6th Cir. 1983)). A habeas court does not substitute its own judgment for that of the finder of fact. *See Johnigan v. Elo*, 207 F. Supp. 2d 599, 606 (E.D. Mich. 2002). Finally, in reviewing a sufficiency of evidence claim on habeas review, the *Jackson* standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Id. at 607-08 (*quoting Jackson*, 443 U.S. at 324 n. 16).

Petitioner claims that there was insufficient evidence to establish that he possessed the cocaine and the methamphetamine taken from the duplex or that he knowingly operated a methamphetamine laboratory.

The elements of operating or maintaining a methamphetamine laboratory are:

(1) the defendant used a building or structure; and
(2) the defendant knew or had reason to know that the building or structure was to be used as a location for manufacturing methamphetamine.

*People v. Meshell,* 265 Mich. App. 616, 623-24; 696 N.W. 2d 754 (2005).

The elements of manufacturing methamphetamine are

(1) the defendant manufactured a controlled substance,
(2) the substance manufactured was methamphetamine, and,
(3) the defendant knew he was manufacturing methamphetamine.

*See Meshell,* 265 Mich. App. at 619.

Proof of possession of a controlled substance requires a showing of "'dominion or right of control over the drug with knowledge of its presence and character.'" *People v. McKinney*, 258 Mich. App. 157, 165; 670 N.W. 2d 254 (2003)(*quoting People v. Nunez*,

242 Mich. App. 610, 615; 619 N.W. 2d 550 (2000)(additional quotation omitted). Possession of a controlled substance may be either actual or constructive, and may be joint or exclusive. *People v. Wolfe,* 440 Mich. 508, 519-20; 489 N.W.2d 748 (1992), *amended* 441 Mich. 1201, 489 N.W.2d 748 (1992). Constructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the controlled substance. *Id.* at 521. Constructive possession of a controlled substance can be proven by circumstantial evidence. *See People v. McGhee*, 268 Mich. App. 600, 623; 709 N.W. 2d 595 (2005).

In the present case, there was sufficient evidence for a rational trier of fact to conclude that petitioner was guilty of the charges. The police discovered methamphetamine on the end table next to Petitioner. The police also found methamphetamine and cocaine in several places in the apartment's guestroom, where Petitioner had been residing for approximately six weeks at the time of his arrest. Petitioner's belongings were found in this guestroom. Megan McCartney testified that it was petitioner's idea to construct a methamphetamine lab, that petitioner spent a lot of time in the guestroom, and that petitioner provided methamphetamine for her to sell on one occasion. Petitioner was using methamphetamine when the police raided the apartment. The methamphetamine lab and the equipment were discovered in the guestroom where petitioner was residing.

When viewed in a light most favorable to the prosecution, a rational trier of fact could find beyond a reasonable doubt that in conjunction with McCartney's testimony

that it was defendant's idea to construct a meth lab and regarding the amount of time defendant spent in that room, the prosecution presented sufficient evidence to support defendant's convictions.

When viewing the totality of the circumstances in this case, a rational trier of fact could conclude that petitioner was in actual or constructive possession of the cocaine and the methamphetamine recovered from the duplex, that he manufactured methamphetamine, and that he knowingly operated a methamphetamine laboratory. The Michigan Court of Appeals' decision that there was sufficient evidence to maintain a conviction against petitioner on a constructive possession theory was objectively reasonable, thus defeating petitioner's claim for habeas relief. *See Hurtado v. Tucker*, 245 F. 3d 7, 18-20 (1st Cir. 2001); *Cf. Grace v. Artuz*, 258 F. Supp. 2d 162, 175 (E.D.N.Y. 2003)(state court's determination that petitioner was not denied effective assistance of counsel due to appellate counsel's failure to challenge sufficiency of evidence supporting his convictions on drug and weapons charges did not warrant federal habeas relief, even though state relied wholly on circumstantial evidence to support its theory that petitioner constructively possessed evidence seized, in light of evidence that drugs, money and gun were found in the bedroom of an apartment in which petitioner lived with his mother until at least five months prior to search).

Finally, to the extent that Petitioner is challenging the credibility of the witnesses, he would not be entitled to habeas relief on his sufficiency of evidence claim. "[D]etermination of the credibility of a witness is within the sole province of the finder

of fact and is not subject to review." *Alder v. Burt,* 240 F. Supp. 2d 651, 661 (E.D. Mich. 2003). Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.* Because the evidence was sufficient to sustain Petitioner's convictions, he is not entitled to habeas relief on his first claim.

### B. Claim # 2. Jury instructions deprived him of his right to a Unanimous Verdict.

Petitioner next contends that he was deprived of his right to a unanimous verdict when the trial court failed to instruct the jury that its verdict had to be unanimous as to at least one of the three alleged acts of manufacturing methamphetamine and possession of methamphetamine.

The Michigan Court of Appeals rejected Petitioner's argument, citing to the fact that when discussing the jury instructions, the trial court agreed with the prosecutor that the evidence could support a finding of guilt on any of the three alternatives under the statute. *Rhodus*, No. 262242, * 3.

The Court further found that:

9

> "The bulk of the evidence relevant to defendant's convictions for possession of meth and operation or maintenance of meth lab revolved around the discovery of equipment, ingredients, and finished product in the guestroom where defendant slept. Defendant's dissection of the evidence into separate theories is specious." *Id.,* at * 3.

There is no general requirement that a jury reach agreement as to the preliminary factual issues which underlie the verdict. *Schad v. Arizona*, 501 U.S. 624, 632(1991) (holding that a conviction of first degree murder under instructions that did not require jury to unanimously agree on one of the alternative theories of premeditated and felony murder did not violate due process). Therefore, the trial court's failure to instruct the jury that they must unanimously agree on which underlying felony offense that Petitioner had committed in order to find him guilty of manufacturing or possessing methamphetamine did not violate clearly established federal law so as to entitle Petitioner to habeas relief. *See Reed v. Quarterman*, 504 F. 3d 465, 479-82 (5th Cir. 2007). Moreover, because Petitioner was convicted of all of the underlying felony offenses that served as predicate offenses for the manufacturing/possession conviction, the failure to give a unanimity instruction was harmless error at best. *See United States v. Smith,* 239 Fed. Appx. 157, 161 (6th Cir. 2007); *Murr v. United States*, 200 F. 3d 895, 906 (6th Cir. 2000). Petitioner is not entitled to habeas relief on his second claim.

**C. Claims # 3 and #4. The sentencing guidelines claims.**

The Court will discuss Petitioner's third and fourth claims together for judicial economy. In his third claim, Petitioner contends that the trial court improperly scored Offense Variables 13 and 14 under the Michigan Sentencing Guidelines. In his fourth

10

claim, Petitioner alleges that the trial court improperly departed above the sentencing guidelines range.

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)(*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003)(unpublished); *See also Adams v. Burt,* 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007)*; McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005); *See also Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004). Petitioner's related claim that the state trial court improperly departed above the sentencing guidelines range would also not entitle him to habeas relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999); *See also Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.*

11

## IV. Conclusion

The Court denies the petition for writ of habeas corpus. The Court denies a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny Petitioner a Certificate of Appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or that he should receive encouragement to proceed further. *Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

Although this Court will deny a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,*

208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

### V. ORDER

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: February 24, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record and Donald Rhodus by electronic means or U.S. Mail on February 24, 2009.
>
> s/Carol A. Pinegar
> Deputy Clerk